**James J. WELDEN, Plaintiff-Appellant,**

**v.**

**GRACE LINE, INC., Defendant-Appellee.**

**No. 24, Docket 32191.**

United States Court of Appeals Second Circuit.

Argued Sept. 17, 1968.

Decided Nov. 7, 1968.

Burton H. Hall, New York City, for plaintiff-appellant.

Robert P. Hart, New York City (Kirlin, Campbell & Keating, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

LUMBARD, Chief Judge:

This appeal asks us to hold that the district court abused its discretion in denying plaintiff's application to vacate the dismissal of his case entered May 31, 1967. The dismissal was ordered after plaintiff's counsel failed to appear at pretrial conferences scheduled for May 11 and May 18, 1967. Judge Sylvester J. Ryan denied an application to vacate the dismissal on November 30, 1967. A similar application, this time made specifically under Rule 60(b), Fed.R.Civ.P., was again denied by Judge Ryan on May 1, 1968. This appeal is prosecuted from the November 30 order, but the issues involved in both orders are identical. Plaintiff has contended throughout that his attorneys were not informed in advance of the date and time of either of the pretrial conferences.

We vacate the district court's order of November 30, 1967, and remand the cause for a hearing. The court erred in refusing to consider an affidavit of Francis J. Dooley, Esq., which states facts within his personal knowledge, because Dooley had not been admitted to practice before the Southern District of New York. On remand we believe that the court, in light of this affidavit as well as an additional one filed by Dooley before its order of May 1, 1968, may well conclude that the failure of plaintiff's counsel to appear at the conferences is attributable to "excusable neglect," thus making relief from the dismissal appropriate under Rule 60(b), Fed.R.Civ.P.

Rule 60(b) states in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

A denial of a motion to vacate a dismissal is appealable since if the order stands it constitutes a final determination of the case. Weilbacher v. J. H. Winchester, 197 F.2d 303, 305 (2d Cir. 1952).

The complaint in this seaman's action seeks damages for personal injuries sustained by plaintiff on September 30, 1963, while serving in defendant's employ aboard the SS SANTA PAULA. The action was instituted by plaintiff's present counsel on appeal, Burton H. Hall, but two other attorneys have participated at some point in the preparation of the case, Raymond Val Wayne, Jr., of the firm of Bromsen & Gammerman, and Francis J. Dooley. Defendant has been represented throughout by the firm of Kirlin, Campbell & Keating. However, during the early course of the litigation the attorney apparently in charge of the defendant's case was Joseph M. Cunningham, who is no longer associated with the Kirlin firm. Robert P. Hart, Esq., appeared for defendant at both pretrial conferences and has handled this appeal. Apparently the failure of any representative of plaintiff to appear at the pretrial conferences, which resulted in the order of dismissal, was a by-product of the confusion occasioned by the multiplicity of attorneys who have been involved in this case and the consequent failure of communication.

Attorney Hall has always been the attorney of record for the plaintiff. In plaintiff's Note of Issue, filed with the district court on June 2, 1966, the Bromsen & Gammerman firm was designated as trial counsel. Raymond Val Wayne, Jr., handled the case for Bromsen & Gammerman. This firm withdrew from the case in October, 1966, and the file was returned to Hall. One month later Hall arranged to have Francis J. Dooley,

a member of the New Jersey bar, assist in the investigatory and discovery aspects of the case. Hall later decided that Dooley would be trial counsel, and planned to have Dooley admitted to practice before the Southern District for the purposes of this case only.

Most of the confusion surrounding the pretrial hearings stemmed from the fact that Hall never informed the clerk of the district court that Dooley had been substituted for Bromsen & Gammerman as trial counsel. Thus Bromsen & Gammerman remained listed on the civil docket as trial counsel, and apparently it was to this firm that the notices of the pretrial conferences were sent. It is an open question whether defendant's firm was aware of the substitution of Dooley. Attorney Wayne, in his affidavit of February 19, 1968, states that he informed the Kirlin firm, in a phone conversation with either attorney Cunningham or attorney Hart, that Bromsen & Gammerman had withdrawn from the case. But Wayne states only that this conversation occurred between October, 1966, and May, 1967. Since the two hearings were convened in May, it is not clear whether the information was communicated prior to those hearings. The record does contain correspondence between Dooley and attorney Cunningham relating to the case dated December, 1966, and January, 1967, but Dooley does not identify himself as trial counsel in these letters. Lastly, attorney Hall states that in his pretrial memorandum he gave notice that he expected Dooley to serve as trial counsel. No such memorandum is included in the record on appeal, and defendant's counsel has not confirmed or denied its existence. Since Dooley's correspondence had been only with attorney Cunningham it seems possible that attorney Hart was not aware of the fact that Dooley was trial counsel.

The first pretrial conference was scheduled for the morning of May 11, 1967 before District Judge Charles M. Metzner. The record does not reveal which, if any, of plaintiff's cast of attorneys received notice of this conference; both Hall and Dooley deny having received notice. Presumably the notice was sent to Bromsen & Gammerman, which was still listed on the civil docket as plaintiff's trial counsel. When no attorney for plaintiff appeared at the hearing Judge Metzner instructed defendant's attorney Hart to call the attorney of record for plaintiff. Someone, we are not told who, furnished Hart with the telephone number of Bromsen & Gammerman.

At this point there is a dispute concerning what happened. Attorney Hart states that he called Bromsen and spoke only to a secretary of attorney Wayne, and that this secretary informed Hart that the case was on Wayne's calendar and that he would surely appear in court. Attorney Wayne, to the contrary, asserts that he spoke personally with Hart and told him that Bromsen was no longer handling the case. It is important to note that this February 19, 1968 affidavit of attorney Wayne was not before the district court on November 30, 1967, when it ruled on the application to vacate the dismissal. Thus it had no occasion to resolve this dispute between the statements of attorneys Hart and Wayne. While the Wayne affidavit was before the court when it reaffirmed its November ruling on May 1, 1968, it is not apparent from the court's memorandum of that date whether the affidavit was considered.

In any event, no one appeared for plaintiff when the conference was reconvened at 11:45 a.m. Judge Metzner ordered the conference adjourned to May 18, instructing the clerk to notify plaintiff's attorney of record that if he did not appear at this conference the case would be dismissed. Apparently Judge Metzner did not set a specific time for the conference in his adjournment order.

Attorney Dooley, by chance, had occasion to call attorney Hart in connection with the case on the afternoon of May 11. Hart informed Dooley of the adjournment, but there is a crucial dispute between the two attorneys concern-

ing the details of their conversation. Dooley, in his November 7, 1967 affidavit which the district court did not consider, claims Hart told him the conference was scheduled for 2 p.m. In his affidavit of April 20, 1968, Dooley further states that Hart had told him the hearing would be held before Judge Metzner. Attached to this latter affidavit is a copy of an entry from Dooley's diary for May 11, 1967, which reads "Pre-Trial So. Dist. Weldon v. Grace Line 2 pm Judge Metzner."

The court notice of the hearing was sent to attorney Wayne at Bromsen & Gammerman. According to Hall, he received a letter from the Bromsen firm on May 13 informing him that the hearing had been adjourned to May 18, in room 128 before Judge Metzner. The letter did not specify a time. Hall states that he sent the letter along to Dooley with the notation that "I trust you're appearing in this."

Dooley states in his April affidavit that he appeared at the courthouse on May 18 at 1:45 p.m., pursuant to his understanding from his phone conversation with Hart that the hearing was to be held at 2 p.m. In fact the hearing had been convened at 10 a.m. before Judge Ryan. Judge Ryan, in accordance with Judge Metzner's May 11 order, ordered the case dismissed on May 31 because of the failure of plaintiff's counsel to appear at the May 18 hearing.

■ Judge Ryan refused to consider either of the two affidavits submitted by attorney Dooley, and as a result accepted as unchallenged the factual account given by attorney Hart. It is not surprising that Judge Ryan then concluded that counsel Hall's explanation for the events of May 11 and May 18 was "incredible"; once Dooley's affidavits concerning his phone conversation with Hart are put aside, there is nothing in the record to explain the failure of plaintiff's counsel to appear at the May 18 conference. The failure of the district court to consider the affidavits of Dooley was error.

Judge Ryan's only comment concerning the Dooley affidavits appears in his memorandum opinion of November 30, 1967:

"In support of this motion, an affidavit of Francis H. [sic] Dooley has been submitted but the Court records still do not list him among those who are admitted to practice in this Court."

It would appear that Judge Ryan viewed Dooley's November 7 affidavit as a legal pleading which, since he was not admitted to practice before the court, he had no authority to present. But although parts of the affidavit are legal and conclusory in character, the portion dealing with the phone conversation with attorney Hart states facts within the personal knowledge of Dooley. It is therefore entitled to the same consideration which would be accorded to the affidavit of any affiant who states facts within his personal knowledge. Almost all of Dooley's affidavit of April 20 states facts within his personal knowledge. Although this affidavit was not before the court before it entered its order of November 30 which is the subject of this appeal, it is part of the record and also should be considered by the court upon remand.

■ We cannot be sure what course the district court would have followed had it considered, as we hold was its duty, the affidavits of attorney Dooley. Mindful that a motion to vacate a judgment is addressed to the sound discretion of the trial court we remand this case for the further consideration of that court rather than resolve the issues ourselves. We believe that the court, if it finds the Dooley affidavits to be credible, may well vacate its order dismissing the case. Dooley's account does not alter the fact that plaintiff's counsel failed to check with the clerk of the court concerning the time of the May 18 conference. But it does provide substantial support for the view that the failure of plaintiff's counsel to appear at the conference was the product of a good faith misunderstanding between attorneys Dooley and Hart as to the exact

time set for the May 18 hearing and not an attempt on counsel's part to delay the proceedings or evade the orders of the court.

█ We are cognizant of the problems facing the district courts in coping with their overburdened dockets, a problem which often is aggravated by procrastination or dilatory tactics on the part of counsel. See Davis v. United Fruit Co., 402 F.2d 328, at pp. 330–331 (2d Cir. Oct. 3, 1968). Normally, we readily refer to the exercise of a broad discretion by the district court in these matters, a discretion which is absolutely necessary if the calendars of the country's busiest district court are to be handled in the best interest of litigants, the bar and the court. But we cannot defer when confronted with a clear error in law. We vacate the order of the district court and remand to permit the court to exercise its discretion with all of the affidavits and such further affidavits or testimony as may be relevant before it.

WATERMAN, Circuit Judge (concurring):

I concur in the result.

Kerner, Circuit Judge, dissented.