481 P.2d 700

Rose S. LOPEZ, individually and as Administratrix of the Estate of Apolonio A. Lopez, Deceased, Plaintiff-Appellant,

v.

ALLIED CONCORD FINANCIAL CORPORATION, Defendant-Appellee.

No. 9129.

Supreme Court of New Mexico.

Feb. 1, 1971.

Rehearing Denied March 9, 1971.

Chavez & Roberts, Santa Fe, for appellant.

Sommer & Lawler, Santa Fe, for appellee.

## OPINION

COMPTON, Chief Justice.

This is an appeal from an order of the trial court denying appellant's motion to require the district court clerk to correct docket entries to reflect a timely filing of her notice of appeal.

The case was tried to the court on February 27, 1969, at which time the court directed the parties to submit requested findings of fact and conclusions of law. Findings and conclusions were submitted on March 20, 1969. On April 29, 1969, counsel for appellee notified counsel for appellant of the decision of the court granting judgment for appellee. Appellant's counsel initialed the proposed judgment and returned it to appellee's counsel on May 15, 1969, with the request that he be notified of the date of entry of judgment for purposes of appeal. The proposed judgment, along with appellant's request for notification, was submitted to the court on May 19, 1969, but the judgment was not signed and entered until August 5, 1969.

Meanwhile, on June 17, 1969, appellant's counsel filed a notice of appeal with a further request for notification of date of entry of judgment; the notice was not filed by the clerk obviously because no judgment had been entered.

Appellant first became aware of the filing of the judgment on March 23, 1970. She then filed her motion to correct the docket entries to show a timely filing. The court denied the motion on the basis that it had lost jurisdiction over the cause due to the passage of thirty days from the time of entry of judgment.

Appellant contends that the trial court erred in (a) holding that it had lost jurisdiction due to the passage of thirty days; (b) in failing to consider the effect of § 21-9-2, N.M.S.A.1953; and (c) in not granting appellant's motion to correct docket entries to reflect timely filing of notice of appeal.

We think the ruling of the trial court was correct. The case is controlled by what we said in Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882. In that case the court also failed to notify the appellant of the date of entry of judgment. Appellant therein also tried to get this court to adopt Federal Rule 77(d), 28 U.S.C.A.

We quote the pertinent language:

"There [referring to federal cases] the clerk of the court failed to comply with a positive rule of the court to give notice, but here we have the failure of Judge Hensley to comply with the written request of plaintiff's attorney that he be notified of the mailing of the order to the clerk. The giving of such a notice is no part of the duties of a District Judge; we have clerks whose duty it is to give such information when requested, but we do not have any rule comparable to Rule 77(d) of the Federal Rules. A letter addressed to the clerk, or a telephone call requesting this information would no doubt have promptly brought it."

The taking of an appeal within the time provided is jurisdictional. Rice v. Gonzales, 79 N.M. 377, 444 P.2d 288; Chavez v. Village of Cimarron, supra.

What we have said disposes of all points raised by appellant.

The judgment should be affirmed.

It is so ordered.

TACKETT and McMANUS, JJ., concur.