609 P.2d 1247

**Sharna JAMES, Plaintiff-Appellant,**

v.

**Elsa BRUMLOP, M.D., Defendant-Appellee.**

**No. 3908.**

Court of Appeals of New Mexico.

March 13, 1980.

Writ of Certiorari Denied April 22, 1980.

Jerrald J. Roehl, Nathan H. Mann, Richard A. Winterbottom, Jerrald J. Roehl & Associates, Albuquerque, for plaintiff-appellant.

William S. Dixon, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellee.

## OPINION

ANDREWS, Judge.

At issue in this case is the extent to which trial courts in New Mexico are bound to follow the local rules which they have established pursuant to Rule 83, N.M.R. Civ.P., N.M.S.A.1978. We hold that trial courts have inherent power to alter such rules or to make exceptions to their application where the ends of justice and efficient administration so require, but that the failure to follow local rules cannot be upheld where such action is to the substantial prejudice of one of the parties to an action.

Sharna James sued Elsa Brumlop alleging four counts of psychiatric malpractice. On March 8, 1978, Brumlop filed a motion for summary judgment and on March 27, 1978, she filed a brief and affidavits which, if uncontradicted, were sufficient to support the granting of the motion. One month later, Brumlop sent the trial court a form for an order granting the summary judgment with a cover letter explaining that James had not responded to the motion for summary judgment and that the time for her to do so under local Rule 13 [1] had expired. The court signed the order and it was entered on May 2, 1978.

On May 4, 1978, James received an unsigned copy of the order granting the summary judgment, and the next day she responded by filing with the court an affidavit which was sufficient to raise an issue of material fact as to at least some of the allegations of the complaint and a request for oral argument. Shortly afterward James filed another affidavit which tended to support the complaint.

According to an affidavit of James' attorney, James first became aware of the fact that summary judgment had been granted on October 18, 1978. On the same day she filed a motion to reopen the judgment under Rule 60(b), N.M.R.Civ.P., N.M.S.A.1978. The motion was denied on October 27, 1978, and notice of appeal to this Court was entered on November 27, 1978.

Brumlop contends that this Court is without jurisdiction to hear this case because the judgment which is appealed from was entered more than thirty days before the notice of appeal. *See Mabrey v. Mobil Oil Corporation,* 84 N.M. 272, 502 P.2d 297 (Ct.App.), *cert. denied,* 83 N.M. 740, 497 P.2d 742 (1972).

We must agree that it is beyond the power of this Court to review the granting of summary judgment; the failure to file a timely appeal deprives this Court of jurisdiction, and we have no discretion to overlook the defect. *Mabrey, supra.* However, the decision of the trial court not to reopen the judgment is a final and appealable judgment in its own right. *Welden v. Grace Line, Inc.,* 404 F.2d 76 (2d Cir. 1968); *Bros. Inc. v. W. E. Grace Mfg. Co.,* 320 F.2d 594 (5th Cir. 1963).

We treat this appeal as being from the denial of James' motion under Rule 60(b). The notice of appeal, as filed, purported to take the appeal from the granting of summary judgment rather than the denial of the Rule 60(b) motion. However, notices of appeal, even where technically defective, should be liberally construed to allow consideration of the merits of the appeal where they disclose the intention to appeal and do not mislead the appellee. *Baker v. Sojka,* 74 N.M. 587, 396 P.2d 195 (1964). In this case, James was unable to appeal from the granting of the summary

---

1. Rule 13 of the Amended Rules of Civil Procedure for the First Judicial District Court of Santa Fe.

judgment because she was unaware that the order had been entered until after the thirty days allotted for appeal had expired. Since appellee has suffered no prejudice as a result of the misnaming of the appealable action in the notice of appeal, we will allow the merits to be reached.

■ The notice of appeal was not untimely as from the denial of the Rule 60(b) motion. It was filed on the thirty-first day following the entry of that order, but the time for its entry was extended by virtue of the fact that the thirtieth day was a Sunday. Rule 23, N.M.R.Civ.App., N.M.S.A. 1978.

■ An appeal from the denial of a Rule 60(b) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion. *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir. 1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972), *Freedman v. Perea*, 85 N.M. 745, 517 P.2d 67 (1973). Although the trial court has wide discretion in the consideration of Rule 60(b) motions, *Freedman, supra*, it has been recognized from our earliest cases that the power of a trial court, even in discretionary matters, is not unlimited: "[t]he discretion of a court must always be exercised in conformity with the law, and the usages of courts, and if not so exercised, is susceptible of being reviewed in a superior tribunal. . . ." *Ward v. Broadwell*, 1 N.M. 75 (1854).

At issue is the trial court's application of its local rule number 13,[2] which provides in part:

1. Counsel shall submit, with all opposed motions, a concise statement of supporting points and a list of citations or authorities (and written brief, if desired). Where allegations of fact are relied upon, affidavits in support thereof shall be attached.

2. Responding counsel shall submit a response and any documentary evidence in support thereof within ten days after service of movant's motion and supporting papers.

Rule 13 establishes a timetable for consideration of motions such as the one filed by Brumlop, a regulation well within the powers granted to district courts under Rule 83, N.M.R.Civ.P., 1978. However, Brumlop's motion was not accompanied by supporting affidavits and thus did not comply with the requirements of local Rule 13.

Thus, ten days after the service of Brumlop's motion, plaintiff had nothing to respond to. The motion had not been presented in the manner required by the rule, and was therefore deficient to trigger plaintiff's adversary action under the rule. James cannot be faulted for failing to file counteraffidavits within ten days after the motion alone was served upon her.

■ Despite the clear language of the rule, which specifies that supporting papers be attached to the motion, the trial court permitted Brumlop to submit affidavits nineteen days after the motion was filed. This action is clearly within the power of the court; it has inherent power to relax or modify its own rules where justice so requires, and such an action may be overturned only upon a showing of substantial prejudice to the complaining party. *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970).

■ Brumlop now contends that the action of the trial court in accepting its tardy affidavits reinstated the ten day deadline for response to the motion by James. This result would be manifestly unjust. It cannot be presumed that a relaxation of the requirements of Rule 13 with respect to Brumlop would not likewise be extended to James. Since the timetable established by Rule 13 had been disrupted by the court's

---

2. We find it unnecessary to reach the question of whether Local Rule 13 was void due to the fact that it had not been furnished to the Su-

preme Court as required by Rule 83, N.M.R. Civ.P., N.M.S.A.1978.

allowance of Brumlop's interrogatories, the court had the right to set a reasonable deadline for response by James; but no such deadline existed until the court acted to establish one by notifying James, and the arbitrary imposition of the ten day period specified by Rule 13 without such notice effectively denied her the opportunity to be heard.

It is not the function of a reviewing court to substitute its own interpretation of a local rule for that of the court which promulgated the rule. *Alabama Public Service Commission v. Redwing Carriers, Inc.*, 281 Ala. 111, 199 So.2d 653 (1967). However, the rule, once waived with respect to one party, should be considered waived as to both in the absence of any contrary indication by the court. The court having dispensed with the rule which also permitted it to rule on the motion without oral argument, James' attorneys were justified in expecting the motion to be scheduled for oral argument until they were otherwise informed.

The due process clause of the constitutions of the United States and New Mexico requires that no litigant suffer judgment without being given notice and the opportunity to be heard in the matter. *See In Re Nelson*, 78 N.M. 739, 437 P.2d 1008 (1968). In this case, we find that the trial court did not afford James a reasonable opportunity to be heard on Brumlop's motion for summary judgment, and therefore we reverse.

Accordingly, this case is remanded to district court with instructions to establish a new timetable for the submission of documents bearing on Brumlop's motion for summary judgment. At the expiration of that time, the motion should be decided on its merits, with oral argument being heard only if desired by the trial court.

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

On November 27, 1978, plaintiff's notice of appeal was filed. It reads:

Plaintiff, Sharna James, hereby gives notice of Appeal to the Court of Appeals of the State of New Mexico from the Summary Judgment of this Court dismissing the Defendant herein from this cause entered on May 2, 1978.

Rule 3(a)(1) of the Rules of Appellate Procedure provides that an aggrieved party may appeal within 30 days after entry of any final judgment. Where one plaintiff and one defendant are involved, summary judgment is final and appealable. *Mabrey v. Mobil Oil Corporation*, 84 N.M. 272, 502 P.2d 297 (Ct.App. 1972). We have repeatedly held that timely filing is a jurisdictional requirement. We cannot consider the hardship of the individual litigant because we have no discretion in the matter. *Miller v. Doe*, 70 N.M. 432, 374 P.2d 305 (1962); *Public Service Company of New Mexico v. Wolf*, 78 N.M. 221, 430 P.2d 379 (1967).

Plaintiff claims no notice was given that the judgment was entered May 2, 1978, and learned for the first time on October 18, 1978, that said judgment was entered on May 2, 1978. The district judge has no duty to give any notice and Rule 60(b) cannot be used to toll the appeal. *Chavez v. Village of Cimarron*, 65 N.M. 141, 333 P.2d 882 (1958); *Lopez v. Allied Concord Financial Corporation*, 82 N.M. 338, 481 P.2d 700 (1971).

On October 27, 1978, an order was entered that denied plaintiff's alternative motion for reconsideration of summary judgment or to vacate order granting summary judgment. No notice of appeal was filed with reference to this order. In fact, the notice of appeal filed, even if applicable, was not timely filed on November 27, 1978.