PER CURIAM:
Rose Shuffman appeals from the denial by the United States District Court for the Southern District of New York, Sofaer, J., of a letter request to “sua sponte advise” this Court of an alleged error in the district court’s memorandum and order of January 20, 1981 and to ask this Court to vacate its award of double costs and $5,000 damages against her attorney, David K. Shuffman, In re Hartford Textile Corp., 659 F.2d 299 (2d Cir. 1981), cert. denied, - U.S. -, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).
Shuffman alleges that the district court erred in describing her appeal from an order of the bankruptcy court, Babitt, J., as one from a denial of a motion to reconsider her application for the appointment of a receiver, rather than as an appeal from the bankruptcy court’s “original” order denying the application for the appointment of a receiver. Shuffman contends that the district court’s alleged error was carried forward by this Court in In re Hartford Textile Corp., 659 F.2d at 301, and that, accordingly, the $5,000 in damages awarded to *895 appellees should be vacated. Shuffman also contends that appellees committed fraud upon the court in her prior suits and, therefore, all other orders and opinions which this Court has entered on this matter should be vacated.
We dismiss Shuffman’s appeal for lack of jurisdiction. First, we note that Shuffman has mischaracterized the issue on appeal. Shuffman alleges that the district court erred in denying her application for the court to “sua sponte vacate” its memorandum and order of January 20, 1981. However, Shuffman’s letter to Judge Sofaer made no such request. The letter merely requested the district court to advise this Court of an alleged error in the district court’s opinion and to ask this Court to vacate its award of damages. Unlike a denial of a request under Fed.R.Civ.P. 60(b) to relieve a party from a final judgment, see Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66 (2d Cir. 1973); Welden v. Grace Line, Inc., 404 F.2d 76 (2d Cir. 1968), the denial of Shuffman’s request to advise is not a “final decision[ ] of the district court[],” 28 U.S.C. § 1291. It is a matter committed solely to the unreviewable discretion of the trial court.
Because we have decided against Shuffman on the issue of appealability, we need not decide the merits of her claim that the error in describing her appeal from the bankruptcy court rendered her appeal to this Court nonfrivolous. We note, however, that this issue was addressed in this Court’s May 5, 1982 order. Further, Shuffman has already asserted her fraud claim in a previous proceeding. In re Hartford Textile Corp., 613 F.2d 388 (2d Cir. 1979). Accordingly, Shuffman is precluded from relitigating these issues. See Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).
Appeal dismissed.