IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHARLIE GALLEGOS and**
**PATRICIA GALLEGOS,**

Plaintiffs-Appellants,

v.                                                                    NO. 28,650

**HACIENDA HOME CENTER OF**
**LAS VEGAS and HACIENDA HOME**
**CENTERS, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Montoya Law, Inc.
Dennis W. Montoya
Rio Rancho, NM

for Appellants

Cuddy, Kennedy, Albetta, Ives
  & Archuleta-Staehlin
Evelyn Anne Peyton
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiffs appeal from an order denying their Rule 1-060(B)(4) NMRA motion

to set aside as void an order granting summary judgment in Defendant's favor. In this Court's notice of proposed summary disposition, we proposed to affirm the denial of Plaintiffs' motion. Plaintiffs have timely responded with a memorandum in opposition, and Defendant has timely responded with a memorandum in support. As we are not persuaded by Plaintiffs' arguments, we now affirm.

Plaintiffs' docketing statement raised several issues relating to the proceedings of their case, which ended when summary judgment was granted in favor of Defendant. In its notice, this Court proposed to decline to address any of those issues, as we believed that they were not properly before us. Instead, we proposed to review only the issue of whether the district court erred in denying Plaintiffs' Rule 1-060(B)(4) motion. We noted that on appeal from the denial of such a motion, this Court's appellate review is limited to the question of whether the denial was erroneous and that we will not review the merits of the underlying decision that is sought to be reopened. *See James v. Brumlop*, 94 N.M. 291, 294, 609 P.2d 1247, 1250 (Ct. App. 1980).

As Plaintiffs made no arguments to this Court in their docketing statement that the denial of their Rule 1-060(B)(4) motion was erroneous, this Court looked to the arguments they made in the district court. In the district court, Plaintiffs argued that the summary judgment order should be vacated because it was "void" and "a nullity"

because it had not been submitted to Plaintiffs' counsel in accordance with Rule 1-058(C) NMRA. [RP 481-83] As this Court had already rejected this argument in Plaintiffs' prior untimely appeal, *see Gallegos v. Hacienda Home Ctr. of Las Vegas*, No. 27,471, slip op. at 1-3 (N.M. Ct. App. Apr. 26, 2007) (holding that the failure to submit an order to counsel for approval in accordance with Rule 1-058(C) does not render the order void) [*see* RP 511-13], we proposed to affirm.

In their memorandum in opposition, Plaintiffs assert that this Court's proposed disposition "cleverly restructures the issue" by focusing on the holding of this Court's prior slip opinion "to arrive at the desired outcome," and they suggest that our prior opinion did not hold that the district court's failure to adhere to Rule 1-058(C) did not render the summary judgment order void. [MIO 1-2] We disagree. In our prior opinion, we stated that "[w]e know of no authority and Plaintiffs have cited us none that makes an order entered without compliance with Rule 1-058 a nullity." *Gallegos*, No. 27,471, slip op. at 2. [See RP 512] We indicated that we would not consider arguments that were not supported by authority. *See id.* [See RP 512] In Plaintiffs' memorandum in opposition, they again fail to cite any authority for the proposition that such an order is void and, accordingly, we assume that there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (indicating that when a party cites no authority in support of a proposition, we may assume that none

exists); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Plaintiffs suggest that this Court's decision will somehow conflict with the rulemaking authority of the New Mexico Supreme Court. [MIO 2-3] However, we note that in addition to the fact that Plaintiffs have not established that the violation of Rule 1-058(C) rendered the order void, they have not even established that any error was reversible. The rules promulgated by our Supreme Court indicate that any failure to adhere to Rule 1-058 is subject to a harmless error analysis, *see* Rule 1-061 NMRA, and Plaintiffs have not asserted that they were in any way prejudiced by not having been permitted to review the order before it was signed. It appears that Plaintiffs' problem with the order is that they do not agree with the substance of the district court's ruling granting summary judgment—not that they disagree with the form of the order. [RP 481-83]

As we conclude that the district court was correct in its determination that the failure to adhere to Rule 1-058(C) did not render its order void, we hold that the district court did not err in refusing to grant Plaintiffs' Rule 1-060(B)(4) motion. Therefore, for the reasons stated in this opinion and in our notice of proposed

4

summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**