This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WORLD SAVINGS,**

Plaintiff-Appellee,

v.

**NO. 33,085, 33,277 (consolidated)**

**LESLIE FINCHER, a/k/a Leslie A. Fincher,**

Defendant-Appellant.

and

**ANITA REIDEL, DONALD L. SHAFFER, 4 DIAMOND CATTLE CO., INC., d/b/a Diamond Cattle Company, and BANK OF AMERICA, N.A.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Scott & Kienzle P.A.
Paul W. Spear
Albuquerque, NM

Jeanne Y. Sohn
Albuquerque, NM

for Appellee

Leslie A. Fincher
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Defendant Leslie Fincher appeals an order denying her Rule 1-060(B) NMRA motion for relief from a judgment of foreclosure. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Fincher has filed a memorandum in opposition, which we have duly considered. As we do not find Fincher's arguments persuasive, we affirm.

**{2}** Fincher raises a number of issues related to the foreclosure of a note and mortgage. In this Court's notice of proposed summary disposition, we proposed to hold that because the only order that Fincher timely appealed was the order denying her Rule 1-060(B) motion, this was the only matter that she was entitled to appeal. *See James v. Brumlop*, 1980-NMCA-043, ¶¶ 6, 9, 94 N.M. 291, 609 P.2d 1247. We proposed to hold that the district court did not abuse its discretion in denying the motion.

**{3}** In Fincher's memorandum in opposition, she does not provide any legal authority or describe any facts that would demonstrate that this Court's proposed disposition should not be made. [MIO 1-3] Instead, she primarily discusses the

difficulties that she has faced in handling this case without an attorney and describes various personal challenges that have added to these difficulties. [MIO 1-3] While we recognize that, without legal training, Fincher may not have been able to represent herself as well as an attorney would have, this is not a basis for relief on appeal. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel). As Fincher's memorandum in opposition fails to demonstrate any defect in our proposed analysis, we conclude that the district court did not err in denying her Rule 1-060(B) motion. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{5}     **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

3

_____

**JAMES J. WECHSLER, Judge**


_____

**CYNTHIA A. FRY, Judge**