This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38123**

**RBS CITIZENS, N.A.,**

Plaintiff-Appellee,

v.

**CAROL ALLEN,**

Defendant-Appellant,

and

**BANC OF AMERICA FUNDING
CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-F, U.S. BANK NATIONAL
ASSOCIATION, as Trustee,**

Plaintiff-Appellee,

v.

**CAROL ALLEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Matthew J. Wilson, District Judge**

Clayton E. Crowley
Albuquerque, NM

for Appellee RBS Citizens, N.A.

Weinstein & Riley, P.S.
Jason Bousliman

Albuquerque, NM

Akerman, LLP
Michael J.  McKleroy, Jr.
Dallas, TX

for Appellee Banc of America Funding

The Law Office Scott M. Davidson, Ph.D.
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Defendant Carol Allen appeals from a district court foreclosure judgment. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, and Appellee Banc of America Funding has filed a memorandum in support. We affirm.

**{2}**     Defendant's memorandum in opposition argues that her issues on appeal should not be limited to the grounds listed in Rule 1-060(B) NMRA, but should be analyzed as any other direct appeal from a judgment, which allows for broader review. However, her arguments fail to take into account the procedural posture of this case, as detailed in our notice. Specifically, the district court foreclosure judgment was filed on November 29, 2018. [RP 1500] Defendant's motion challenging that judgment was filed on January 8, 2019. [RP 1516] Defendant's motion was filed outside the time allowed for filing a timely motion to reconsider or a notice of appeal. *See* Rule 12-201(A), (D)(1)(c) NMRA. Although Defendant implies that, because  the district court did not grant Appellees' request to strike the motion [RP 1573], it thereby extended the time for filing a notice of appeal from the November judgment, the district court lacked authority to do so because the motion for reconsideration was filed beyond thirty days of the judgment. *See* Rule 12-201(E)(4) NMRA. We therefore construe Defendant's motion as a motion made pursuant to Rule 1-060(B), and we limit our appellate review accordingly. *Cf. Martinez v. Friede*, 2004 NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to reopen judgment and grant a new trial under Rule 1-060(B) has "no effect on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) does not affect the finality of a judgment or suspend its operation" (internal quotation marks and citation omitted)), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. As a result, even though Defendant points out [MIO 2] that her notice of appeal is from the March 15, 2019 order denying the motion, she waived her right to timely file a direct appeal from the underlying judgment, and was limited to

raising Rule 1-060(B) grounds for setting aside the judgment. We therefore review the district court's ruling for an abuse of discretion. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-0]60(B) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion.").

**{3}** Rule 1-060(B)(1)-(6) sets forth a number of grounds for setting aside a judgment. Defendant continues to claim that Plaintiff lacked standing to enforce the note. [MIO 3] To the extent that Defendant is continuing to claim that lack of standing makes a judgment voidable under Rule 1-060(B)(4), our Supreme Court has concluded otherwise. *Deutsche Bank Nat'l Trust Co. v. Johnston* (*Deutsche Bank II*), 2016-NMSC-013, ¶ 34, 369 P.3d 1046 ("[A] final judgment on ... an action to enforce a promissory note [in a foreclosure case] . . . is not voidable under Rule 1-060(B) due to lack of prudential standing."). To the extent that Defendant is arguing [MIO 3] that she timely raised standing prior to the foreclosure judgment, this does not mean that she can ignore the fact that she did not timely file a motion to reconsider in this case, and is therefore limited to establishing a Rule 1-060(B) ground for attacking the judgment. As such, she may not establish voidability based on lack of standing.

**{4}** Defendant's second claim is that the district court erred in excluding her proffered expert, Dr. James M. Kelley. [MIO 4] Again, Defendant has not established that any error, if it occurred, would have satisfied a ground for setting aside the judgment. Finally, we do not believe that either of these issues triggers the catch-all ground set forth in Rule 1-060(B)(6). *See Meiboom*, 2000-NMSC-004, ¶ 33 (stating that "parties seeking relief under Rule 1-060(B)(6) must demonstrate the existence of exceptional circumstances and reasons for relief other than those set out in Rule 1-060(B)(1)[-](5).") We therefore conclude that the district court did not abuse its discretion in denying her motion to set aside the judgment. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case.").

**{5}** For the reasons set forth above, we affirm.

**{6} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**