This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40942**

**JULIA GABALDON, IRENE N. GONZALES, EDNA MASCARENAS, DARLENE G. NEVAREZ, EDWARD H. SANCHEZ, and MICHAEL E. SANCHEZ,**

Petitioners-Appellees

v.

**GERALD NARVAEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Michael E. Sanchez
Rio Rancho, NM

for Appellees

Gerald Narvaez
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Respondent Gerald Narvaez is appealing from an order denying a motion to set aside a 2018 judgment pursuant to Rule 1-060(B) NMRA. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. Petitioners have filed a memorandum in support. We affirm.

**{2}**     We review the district court's ruling for an abuse of discretion. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-0]60(B) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case").

**{3}**     Rule 1-060(B) sets forth a number of grounds for setting aside a judgment. Our review of the record indicates that the district court did not abuse its discretion in denying Rule 1-060(B) relief. Specifically, Petitioner did not allege any Rule 1-060(B) ground that had not been decided in his previous motions to set aside the judgment. The underlying January 9, 2018, final judgment is an order of divestiture of Respondent's interest as a tenant in common. [RP 184] Respondent filed multiple Rule 1-060(B) motions in the ensuing years, including a fifth motion filed in November 2021, which was denied in an amended district court order filed in August 2022. [RP 289, 421] Respondent filed a timely notice of appeal from that order, which this Court dismissed for lack of finality because Respondent filed yet another motion to set aside after the notice of appeal had been filed. [RP 423, 459] The motion was denied in January 2023 and Defendant timely filed a notice of appeal. [RP 478, 484] This appeal only considers the propriety of these last two motions to set aside.

**{4}**     A review of Respondent's last two motions to set aside, as well as his arguments raised in the docketing statement and memorandum in opposition, indicate that he has not raised any new claims that have not been addressed previously, and/or are outside of the limitations period set forth in Rule 1-060(B). [RP 289, 459] Although Respondent has maintained throughout this litigation that he has been the victim of party/judge malfeasance, at this point the only issue is whether he has any new, independent ground to set aside the 2018 judgment. Because Respondent's memorandum in opposition does not persuade us that our proposed disposition was incorrect, we conclude that the district court did not abuse its discretion in this case. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}**     For the reasons set forth above, we affirm. This Court's June 20, 2024 order granted the motion filed May 22, 2024, which sought leave to file an amended memorandum in opposition, which was then filed June 18, but the subsequent amended memorandum in opposition, filed June 20, 2024, and the motion to amend the memorandum in opposition, filed July 5, 2024, are untimely and **DENIED**.

**{6}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**