This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42117

**ROBERT PIDCOCK, Personal Representative of the ESTATE OF THOMAS W. KUEHN,**

   Plaintiff-Appellee,

v.

**CHUCK McCUNE,**

   Defendant-Appellant,

and

**CHUTHAMARD McCUNE and McCUNE WORKS, INC.,**

   Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Court Judge**

Robert L. Pidcock
Albuquerque, NM

for Appellee

Chuck McCune
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Appellant Chuck McCune appeals the district court's order denying his June 7, 2024, motion to set aside the September 15, 2020, judgment. In our notice of proposed summary disposition, we proposed to affirm. Appellant has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Appellant's arguments, we affirm.

**{2}** In our notice of proposed summary disposition, we proposed to hold that Appellant failed to provide this Court with sufficient information to review his contentions that the district court did not consider his evidence and/or exhibits that were attached to his motion, and also that the district court further erred when it stated that his motion was "not well taken" without additional explanation or holding a hearing on the motion. [CN 4] In his memorandum in opposition, Appellant continues to restate his concerns with the purported fraud or misrepresentation perpetrated by Appellee during litigation. [MIO 3-4] We remind Appellant that this Court's appellate review is limited to the question of whether the denial of the most recent motion was erroneous, and we cannot not review the merits of the underlying decision that a party seeks to reopen. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-0]60(B) [NMRA] motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion.").

**{3}** Further, the memorandum does not attempt to provide any new facts or authorities that might persuade us that our proposed summary disposition was in error. Nor does Appellant's memorandum in opposition point out any factual or legal error in our notice of proposed disposition. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. When responding to a calendar notice, it is the party's responsibility to "specifically point out errors of law and fact" contained in the notice, and merely repeating earlier arguments does not fulfill that requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Appellant has not met that burden in this appeal.

**{4}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order denying Appellant's Rule 1-060(B) motion to set aside the judgment.

**{5} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**