502 P.2d 297

Paul MABREY, Plaintiff-Appellee,

v.

MOBIL OIL CORPORATION, Defendant and
Third-Party Plaintiff-Appellant,

v.

D. E. SPARGER, d/b/a Jet Construction
Company, Third-Party Defend-
ant-Appellee.

No. 838.

Court of Appeals of New Mexico.

March 31, 1972.

Certiorari Denied May 2, 1972.

Mack Easley, Easley & Reynolds, Hobbs, for defendant and third-party plaintiff-appellant.

William J. Heck, Hobbs, for appellee Mabrey.

R. E. Richards, Girand & Richards, Neal & Neal, Hobbs, for third-party defendant-appellee Sparger.

## OPINION

SUTIN, Judge.

Sparger, a third party defendant, moved to dismiss the appeal of Mobil Oil Corporation, third party plaintiff, for failure of Mobil Oil to give notice of appeal from a summary judgment in favor of Sparger. Summary judgment was granted Sparger before trial took place between plaintiff, Mabrey, and defendant Mobil Oil. We sustain the motion to dismiss.

On May 4, 1971, summary judgment in favor of Sparger was filed of record. The summary judgment concluded "that such Third Party Complaint be, and the same hereby is, dismissed with prejudice on its merits."

On May 13, 1971, Mobil's motion for a new trial was denied.

On May 20, 1971, trial proceeded between Mabrey and Mobil Oil and, at the close of the trial, a verdict was awarded Mabrey and judgment on the verdict was entered against Mobil Oil on June 8, 1971.

Thereafter, Mobil Oil filed a notice of appeal as follows:

## NOTICE OF APPEAL

Notice is hereby given that Defendant Mobil Oil Corporation appeals to the New Mexico Court of Appeals from the Judgment filed herein on June 8, 1971.

■ Does notice of appeal from the judgment filed on June 8, 1971, carry with it notice of appeal from the summary judgment entered in favor of Sparger on May 4, 1971? We do not believe it does.

Section 21–2–1(5)(1), N.M.S.A. 1953 (Repl. Vol. 4) reads in part as follows:

Within thirty [30] days from the entry of *any final judgment* in *any civil action any party aggrieved* may appeal therefrom. . . . [Emphasis added.]

Rule 5(5) reads in part:

The notice of appeal shall specify the parties taking the appeal and *shall designate the judgment,* order or part thereof *appealed from.* [Emphasis added.]

■ Section 21–1–1(54)(a), N.M.S.A. 1953 (Repl. Vol. 4) defines "judgment" as "any order from which an appeal lies." Where one plaintiff and one defendant are involved, summary judgment is a final

judgment and appealable. Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P.2d 664 (1961).

■ In this case, there are multiple parties and multiple claims. Mabrey, while employed by Sparger, sued Mobil Oil for negligence. Mobil Oil filed a third party complaint against Sparger for indemnification by reason of a written contract. The third party claim was a different claim from that stated in the original complaint. Its validity would become important only after Mabrey recovered a judgment against Mobil Oil. This judgment was rendered. Under § 21–1–1(54)(b), supra, the summary judgment was not an appealable order when rendered because there was no express determination making it a final judgment. The summary judgment became an appealable final judgment upon the entry of the judgment of June 8, 1971, because at that point all the claims had been adjudicated. When the judgment was entered for Mabrey, there were then in existence two separate, final judgments, (1) between Mabrey and Mobil Oil, and (2) between Mobil Oil and Sparger. Separate judgments are warranted under Rule 54(b), supra.

Mobil Oil did not request the court to make the summary judgment a part of the Mabrey judgment entered June 8, 1971. If this had been done, an appeal from the judgment of June 8, 1971, would have carried with it the summary judgment.

When only one final judgment is involved between one plaintiff and one defendant, a notice of appeal is sufficient which stated "Plaintiff hereby gives notice that she is taking appeal in the above-entitled cause." The reason is that the appellee has not been misled. This constitutes a nonjurisdictional defect. Baker v. Sojka, 74 N.M. 587, 396 P.2d 195 (1964). However, the court said:

In the instant case, the intent of the plaintiff is plain from the notice that she wished to take an appeal, *and in view of the fact that there was only the one order by the trial court,* the defendant could not have been misled by the defect. . . . there was *only* the one order from which an appeal could be taken. [Emphasis added.]

■ Our interpretation of the above language is that where more than one order by the trial court exists, an appellant has a duty to specify each order in the notice of appeal from which an appeal is taken.

In Reed v. Fish Engineering Corporation, 74 N.M. 45, 390 P.2d 283 (1964), a notice of entry of an order allowing appeal was held sufficient "There being but one plaintiff and one judgment, . . ."

■■ We are aware that notices of appeal are to be liberally construed, but even under the rule of liberal interpretation a notice is sufficient only if ". . . the intent to appeal from a specific judgment can be fairly inferred from the notice. . . . " 9 Moore's Federal Practice, ¶203.18. In this case, the intent to appeal from the summary judgment cannot be fairly inferred from the notice of appeal which was filed. The result is there was no notice of appeal.

■ Relief cannot be sought under Rule 16(4) [§ 21–2–1(16)(4), N.M.S.A. 1953 (Repl. Vol. 4)]. The failure of Mobil Oil to give notice of an appeal from the summary judgment is jurisdictional. Home Fire and Marine Ins. Co. v. Pan American Petroleum Corp., 72 N.M. 163, 381 P.2d 675 (1963). The motion of Sparger is based on jurisdictional grounds. Therefore, we are not concerned with whether prejudice will result to Sparger or whether this appeal should be heard on the merits. In Johnson v. Johnson, 74 N.M. 567, 396 P.2d 181 (1964), the court said with reference to notice of appeal:

A word of caution is indicated. Although we adopt a position of liberality, counsel desiring or attempting to appeal should comply with the rules as promulgated and not rely on the court to over-

look departures therefrom. In other words, we propose to consider nonjurisdictional deviation from the rules in each case as it arises. *So far as jurisdictional defects are concerned there can be no exercise of discretion.* [Emphasis added.]

Mobil Oil relies on the caption of the notice of appeal, to-wit: "Paul Mabrey, Plaintiff, vs. Mobil Oil Corporation, et al., Defendants," and contends the use of "et al" and "defendants" as plural, meant that more than one defendant was contemplated. But the caption of a pleading is not controlling. The content of the notice of appeal grants or denies this court jurisdiction. Nonjurisdictional deviation is shown in Spurlin v. Paul Brown Agency, Inc., 80 N.M. 306, 454 P.2d 963 (1969); Baker v. Sojka, supra; Johnson v. Johnson, supra. But none of them discuss the value of a "caption" to include a separate order and an additional third party. The caption does not give reasonable notice that Mobil Oil intended to appeal the summary judgment. Spurlin v. Paul Brown Agency, Inc., supra.

Mobil Oil also relies on matters not of record that attorneys for Sparger had personal knowledge that Mobil Oil planned an appeal and could not be deceived. Our answer is that the Rules of the Supreme Court heretofore mentioned do not extend liberality into jurisdictional defects. Further our review is limited to the record. Section 21–2–1(17)(1), N.M.S.A. 1953 (Repl. Vol. 4). If we "could reasonably infer that the notice was applicable to the summary judgment" we would do so.

Mobil Oil contends that Sparger should be brought in by order of this court pursuant to Rule 7 [§ 21–2–1(7)(1), N.M.S.A. 1953 (Repl. Vol. 4)], and Rule 17 [§ 21–2–1(17), N.M.S.A. 1953 (Repl. Vol. 4)]. These rules are not applicable to this appeal because we are dealing with the taking of the appeal, which is jurisdictional.

The motion to dismiss the appeal on the summary judgment is granted. The appeal is dismissed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.