801 P.2d 84

Ramon MARQUEZ and Viola Marquez, Individually and as Personal Representatives of the Estate of Ronald Joseph Marquez, Deceased, Petitioners,

v.

Luis GOMEZ and Mrs. Luis Gomez, his wife, Individually and as next friends of Felipe Gomez, their son Felipe Gomez, Rudy Gonzales and Little League Baseball, Inc., Respondents.

No. 19392.

Supreme Court of New Mexico.

Nov. 26, 1990.

Pedro G. Rael, Los Lunas, for petitioners.

J.C. Robinson, Silver City, Butt, Thornton & Baehr, John A. Klecan, Albuquerque, for respondents.

OPINION

RANSOM, Justice.

We granted certiorari to review an order dismissing with prejudice the appeal filed in the court of appeals by Ramon and Viola Marquez. By calendaring statement filed December 28, 1988, the court of appeals had proposed summary reversal of the trial court's order granting summary judgment against the Marquezes. Then, as a result of this Court's opinion in *Lowe v. Bloom,* 110 N.M. 555, 798 P.2d 156 (1990) (filing of a notice of appeal with the district court clerk within the time allowed by SCRA 1986, 12–201 is a jurisdictional prerequisite), filed June 28, 1990, the court of appeals directed Marquezes to show cause why their appeal should not be dismissed for failure to timely file notice of appeal in the district court.

Ruling that it was bound by precedents of this Court, *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973), the court of appeals held that Marquezes' mailing copies of their notice of appeal to the parties required to be served under Rule 12–202(D), and serving only their docketing statement on the district court clerk as required by Rule 12–208(B), were jurisdictional defects, and not technical errors.

In *Lowe,* a four-justice majority of this Court was of the opinion that the concept of timely filing under Rule 12–201 includes substantial compliance with the applicable place-of-filing requirements of Rule 12–202(A). Otherwise, the dissenting opinion of Justice Montgomery expressed the sentiments of this Court regarding the policy of facilitating a litigant's right to appeal and our liberal construction of rules in order that cases on appeal may be heard on their merits.

Unlike the appellants in *Lowe,* the Marquezes filed a copy of a docketing statement with the district court clerk within the extension of time allowed by the district court for filing a notice of appeal. Therefore, any objections to the insufficiency of the filing must go to its content and not, as was the case in *Lowe,* to the place the notice was filed or delivered. Rule 12–312(C) provides that an appeal within

the time limits shall not be dismissed for technical violations of Rule 12–202 which do not affect the substantive rights of the parties.

Germane is the provision of Rule 12–202(B) that:

The notice of appeal shall specify:

(1) each party taking the appeal;

(2) each party against whom the appeal is taken;

(3) the name and address of appellant counsel if different from the person filing the notice of appeal; and

(4) the name of the court to which the appeal is taken. A copy of the judgment or order appealed from, showing the date of the judgment or order, shall be attached to the notice of appeal.

We agree with Marquezes that the question before us is whether the filing of the docketing statement that specifically referred to the notice of appeal, and to the motion to grant an extension of time to file the notice of appeal, and which substantially complied with the content provisions of Rule 12–202(B) was sufficient to vest appellate jurisdiction in the court of appeals. Here, there is no claim that any technical violations of Rule 12–202 have affected the substantive rights of the parties. As in

*Lowe,* it simply is claimed no notice of appeal was filed with the district court clerk.

In the case before us, we believe the docketing statement filed with the district court clerk within the time limits for filing a notice of appeal satisfied Rule 12–202(B), *see Johnson v. Johnson,* 74 N.M. 567, 396 P.2d 181 (1964) (denomination of notice of appeal not jurisdictional; what is important is that the document substantially complied with and gave information required by rule governing timely filing of notice of appeal), and that jurisdiction over the appeal was thereby vested in the court of appeals. For this reason we reverse the order dismissing the appeal and remand this cause for a determination of the appeal on its merits.

IT IS SO ORDERED.

MONTGOMERY and WILSON, JJ., concur.