870 P.2d 143

**BOARD OF COUNTY COMMISSION-
ERS, LUNA COUNTY, New Mexi-
co, Plaintiff–Appellee,**

v.

**Carlos OGDEN, Toy Ogden, and Jack
Long (substituted for Jeff Smith),
Defendants–Appellants.**

No. 14220.

Court of Appeals of New Mexico.

Jan. 25, 1994.

Certiorari Denied March 8, 1994.

Kent Cooper, Jeffreys, Cooper & Associates, Deming, for plaintiff-appellee.

Carlos Ogden, Deming, for Toy Ogden.

Jack Long, Pro se.

Carlos Ogden, Pro se.

## OPINION

APODACA, Judge.

On the Court's own motion, the memorandum opinion filed December 9, 1993, was withdrawn by separate order on December 17, 1993. The following opinion is now substituted in its place.

Defendants appeal the trial court's summary judgment entered in favor of Plaintiff and the dismissal of Defendants' counterclaim. Two issues are raised on appeal: (1) whether Plaintiff's quiet title and ejectment complaint was proper, inasmuch as the decision to file it was not made in an open meeting under the Open Meetings Act, NMSA 1978, §§ 10–15–1 to –4 (Cum.Supp. 1989); and (2) whether the trial court erred in granting summary judgment to Plaintiff. An additional issue raised in Plaintiff's answer brief is whether Defendant's Open Meetings Act issue is properly before this Court. We hold that the issue is properly before us. On the merits, we hold that the Open Meetings Act was not violated and that summary judgment was properly granted. Another issue raised in the docketing statement but not addressed in the brief in chief will not be reviewed. *See Aragon v. Rio Costilla Coop. Livestock Ass'n*, 112 N.M. 152, 153 n. 1, 812 P.2d 1300, 1301 n. 1 (1991). We therefore affirm the trial court's summary judgment.

## DISCUSSION

1. *Adequacy of Defendants' Notice of Appeal.*

■ Plaintiff contends that Defendants did not comply with SCRA 1986, 12–202(B) (Repl.1992), because Defendants did not attach a copy of the order denying Defendants' motion to dismiss to the notice of appeal. This contention is the basis for Plaintiff's argument that Defendants' Open Meetings Act is not properly before this Court. Defendants' motion was premised on Plaintiff's alleged failure to comply with the Open Meetings Act. Defendants attached only a copy of the summary judgment (and the dismissal of Plaintiff's slander of title count contained in the complaint) to their notice of appeal. For the following reasons, we conclude that Defendants' Open Meetings Act issue is properly before us and thus address the merits.

SCRA 12–202(B) states:

The notice of appeal shall specify:

(1) each party taking the appeal;

(2) each party against whom the appeal is taken;

(3) the name and address of appellate counsel if different from the person filing the notice of appeal; and

(4) the name of the court to which the appeal is taken.

A copy of the judgment or order appealed from, showing the date of the judgment or order, shall be attached to the notice of appeal.

Plaintiff, relying on *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521, 514 P.2d 40 (1973), and *Mabrey v. Mobile Oil Corp.*, 84 N.M. 272, 502 P.2d 297 (Ct.App.), *cert. denied,* 83 N.M. 740, 497 P.2d 742 (1972), apparently argues that SCRA 12–202(B) required Defendants to attach a copy of the order denying their dismissal motion to the notice of appeal. We do not construe the rule so strictly, despite its seemingly mandatory language.

*Mabrey* and *Norvell* involved the predecessor to SCRA 12–202, NMSA 1953, Repl.Vol. 4 (1970), § 21–2–1(5)(5), which stated that "[t]he notice of appeal shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from." *Norvell*, 85 N.M. at 523, 514 P.2d at 42; *Mabrey*, 84 N.M. at 273, 502 P.2d at 298. In *Mabrey*, there were multiple parties and multiple claims. *Mabrey*, 84 N.M. at 274, 502 P.2d at 299. A summary judgment was

entered between the defendant and a third party. *Id.* However, the summary judgment was not appealable when entered. *Id.;* NMSA 1953, Repl.Vol. 4 (1970), § 21–1–1(54)(b). The judgment between the defendant and the plaintiff was entered on June 8, 1971. *Mabrey,* 84 N.M. at 274, 502 P.2d at 299. It did not incorporate the summary judgment between the defendant and the third party. *Id.* Defendant filed a notice of appeal, stating only that it appealed from the judgment filed June 8, 1971. *Id.* at 273, 502 P.2d at 298. This Court concluded that this notice was insufficient to appeal from the summary judgment in favor of the third party. *Id.*

We reasoned in that case that, where there are but one plaintiff and one defendant involved, a notice of appeal is sufficient if it states " 'Plaintiff hereby gives notice that she is taking appeal in the above-entitled cause,' " *id.* at 274, 502 P.2d at 299, because the appellee has not been misled. We recognize that *Mabrey* also stated that, "where more than one order by the trial court exists, an appellant has a duty to specify each order in the notice of appeal from which an appeal is taken." *Id.* However, we believe this language must be read in the context of the facts in *Mabrey,* where there were several orders of judgment between different parties. Because the summary judgment between the third party and the defendant was neither specifically appealed from nor incorporated into the June 8, 1971 judgment, the third party had no notice that the judgment in its favor was being appealed.

Similarly, in *Norvell,* there were multiple parties, including various intervenors. *Id.,* 85 N.M. at 523, 514 P.2d at 42. Without analysis, our Supreme Court concluded that a notice of appeal filed by two intervenors that stated that they " 'hereby file their notice of appeal to the Supreme Court of the State of New Mexico' " was deficient. *Id.* Our Supreme Court's holding, however, recognized that the relevant rule had been liberally construed and stated that the notice in question fell short of compliance. *Id.* We note that the appellate rules at that time contained no provision similar to SCRA 1986, 12–312(C) (Repl.1992) (timely filed appeal not to be dismissed for technical violations of SCRA 12–202 that do not affect substantive rights). *Compare* NMSA 1953, Repl.Vol. 4 (1970), § 21–2–1(16)(4) (no motion to dispose of a case except on the merits other than on jurisdictional grounds will be granted except upon a showing of prejudice or that the ends of justice require the motion be granted) *with* NMSA 1953, Repl.Vol. 4 (1970), § 21–2–1(17)(10) ("The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."). We conclude that the dispositive fact in *Norvell* was the presence of multiple potential appellants and the potential for prejudice that fact created.

Our conclusion that the dispositive fact in *Mabrey* and *Norvell* was the existence of multiple parties and judgments is bolstered by the fact that our Supreme Court, in *Nevarez v. State Armory Bd.,* 84 N.M. 262, 502 P.2d 287 (1972), held that a notice of appeal from a final judgment (that " 'confirmed' " an earlier summary judgment on the issue of liability) was sufficient to appeal the issues of liability, even though the summary judgment was not specifically mentioned in the notice of appeal. *Id.* at 264, 502 P.2d at 289. Our Supreme Court noted that the appellees did not claim to be misled and also distinguished *Mabrey* partly because it involved multiple parties and multiple claims. *Id.*

Our conclusion that Defendants' notice of appeal was adequate is further confirmed by our Supreme Court's decisions in *Govich v. North American Systems, Inc.,* 112 N.M. 226, 814 P.2d 94 (1991), and *Marquez v. Gomez,* 111 N.M. 14, 801 P.2d 84 (1990). In *Marquez,* our Supreme Court indicated that an appeal is not to be dismissed for technical violations of SCRA 12–202 that do not affect the substantive rights of the parties. *Id.* at 14–15, 801 P.2d at 84–85. In *Govich,* our Supreme Court rejected the interpretation of SCRA 12–202(B) here pressed by Plaintiff. Govich appealed from an order recognizing that a prior partial summary judgment had dismissed all of Govich's claims. *Id.* 112 N.M. at 229, 814 P.2d at 97. The appellees

in that case argued that, since the summary judgment itself was not attached to the notice of appeal, our Supreme Court lacked jurisdiction to review that claim. *Id.* The Court's language in rejecting the argument in *Govich* is also dispositive of the issue in the present case:

> Once notice of appeal has been timely filed, the specificity requirements of Rule 12–202(B) (content of notice) are meant to inform the appellee and the court of the scope of the appellate proceeding by delineating the ruling from which appeal is taken. However, under Rule 12–312(C) an appeal timely filed is not to be dismissed for technical violations of Rule 12–202 that do not affect the substantive rights of the parties. The policies in this state, and the purpose of the rule, are vindicated if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake.

*Id.* at 230, 814 P.2d at 98.

In this case, Defendants' notice of appeal did not specifically refer to the order denying Defendants' motion to dismiss. However, based on our analysis of the record, we believe Defendants' intent to appeal from that order can be fairly inferred, especially since, but for the denial of that motion, the summary judgment would not have been entered. Additionally, Plaintiff has not alleged, and the record does not suggest, that Plaintiff was prejudiced or misled. As we read SCRA 12–202(B), attachment of only the relevant final judgment perfects an appeal from any previous oral or written orders encompassed in that judgment, as long as error has otherwise been preserved. We thus conclude that Defendants' notice of appeal adequately perfected an appeal from the order denying Defendants' dismissal motion.

### 2. *Purported Violation of Open Meetings Act.*

■ On the merits of Defendants' argument that Plaintiff's suit should have been dismissed because Plaintiff failed to comply with the Open Meetings Act, we hold that the trial court properly denied Defendants' motion to dismiss.

Section 10–15–1(A) generally requires that "[a]ll meetings of any public body except the legislature and the courts shall be public meetings." Certain exceptions to this requirement are listed in Section 10–15–1(E). Included among the types of meetings excepted from the Open Meetings Act requirements are "meetings subject to the attorney-client privilege pertaining to threatened or pending litigation in which the public body is or may become a participant." Section 10–15–1(E)(5). Defendants argue that Section 10–15–1(E)(5) does not apply because, at the time Plaintiff made the decision to sue Defendants, there was no "pending" or "threatened" litigation. Defendants' contention is that litigation can be threatened or pending only when another party has sued or is threatening to sue a public body such as Plaintiff. Thus, Defendants claim, Plaintiff was required to discuss the potential lawsuit and make its decision to sue Defendants in an open meeting.

■ We do not agree that Section 10–15–1(E)(5) applies only when a public body has already become involved in litigation or has been informed it will likely become involved. Our central concern is to construe the statute so as to determine and give effect to the legislature's intent. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). In enacting the Open Meetings Act, the legislature did not intend to impair or impede the effective workings of the various political subdivisions of the state. *Gutierrez v. City of Albuquerque,* 96 N.M. 398, 401, 631 P.2d 304, 307 (1981).

Although we recognize that statements and opinions of the New Mexico Attorney General are not binding law, *see Local 2238 v. Stratton,* 108 N.M. 163, 169, 769 P.2d 76, 82 (1989) (rejecting attorney general's opinion as not being in line with case law), we consider the following reasoning of the attorney general persuasive concerning the scope of Section 10–15–1(E)(5):

> This exception to the Act is intended to incorporate into the open meetings law the attorney-client privilege protecting confidential communications between attorneys and their public agency clients by allowing

a public body to meet in closed session with legal counsel to discuss threatened or pending litigation in which it is or may be a participant. Public bodies, no less than private parties to litigation, are entitled to effective representation of counsel and this would include the opportunity to confer without disclosing the substance of the discussion. However, public bodies may invoke the attorney-client privilege to close a meeting only when the public body is faced with an actual or credible threat of litigation.

New Mexico Attorney General, *Open Meetings Act Compliance Guide* 22 (2d ed. 1993). Although the Guide also refers to "actual or credible threat of litigation," some examples given by the Guide of meetings that could be properly closed under the Act include a situation where a municipality and a rancher have each claimed a piece of property. To avoid going to court, the municipality meets with its counsel to discuss settlement terms. *Id.* at 22–23. Another example is a licensing board's meeting to discuss filing an amicus curiae brief in a case in which it is not a party but which may affect its ability to apply some laws. *Id.* at 23. It is thus the opinion of the New Mexico Attorney General's office that "pending" or "threatened" litigation can include litigation that the public body may initiate and legal disputes that have not yet reached the courts.

We agree with the attorney general's assessment of the purpose of Section 10–15–1(E)(5). The statute is explicitly applicable to "meetings subject to the attorney-client privilege." The attorney-client privilege generally applies to confidential communications "made for the purpose of facilitating the rendition of professional legal services to the client." *See* SCRA 1986, 11–503(B). Rendering professional services to a client would include advising a client on the question of whether to initiate or become involved in any litigation. *SCM Corp. v. Xerox Corp.,* 70 F.R.D. 508, 513 (D.Conn.), *appeal dismissed,* 534 F.2d 1031 (2d Cir.1976). We thus conclude that, under Section 10–15–1(E)(5), Plaintiff could properly discuss and decide to file suit against Defendants in a closed session.

To the extent Defendants may be arguing that Plaintiff, even if allowed to obtain legal advice in closed session, was required to make its decision to sue Defendants in an open meeting, we reject that contention. Section 10–15–1(E)(5) does not require that a decision regarding litigation be made in an open meeting. *Cf.* § 10–15–1(E)(4) (actual approval of purchase must be made in open meeting). We thus hold that Plaintiff did not violate the Open Meetings Act.

### 3. *Propriety of Summary Judgment.*

■ Plaintiff sued Defendants for ejectment, quiet title, and slander of title. The dispute centered on five parcels of land, Lots 18 to 20 and Lots 1 and 2 of Block 44, next to a state highway in Columbus, New Mexico. In 1977, Plaintiff desired to purchase for development 360 acres of land in the Columbus area owned by Columbus Stockyards, Inc. Defendant Carlos Ogden and another individual, Mr. Frazier, who had a purchase option on the land, assisted Plaintiff in the transaction. The sale was essentially a pass-through sale by which Frazier bought the property and immediately sold it to Plaintiff. Simultaneously, Frazier directly deeded five lots, Lots 13 to 17 of Block 44, to Defendant Carlos Ogden as consideration for his efforts. Lots 18 to 20 and Lots 1 and 2, the parcels that are the subject of the quiet title action, were never owned by Columbus Stockyards and were not part of this sale.

Later, in 1982, Plaintiff bought an undivided one-third fractional interest in Lots 18 to 20 and Lots 1 and 2 from one of the owners and her husband's estate. After this purchase, Defendant Carlos Ogden attempted to pay ad valorem taxes on the property. He also obtained a quitclaim deed from Frazier to Lots 18 to 20. In August 1989, Plaintiff learned of Defendants' encroachments and improvements on Lots 18 to 20, and subsequently filed the lawsuit giving rise to this appeal. Defendants counterclaimed to quiet title. After a hearing on Plaintiff's motion for summary judgment, the trial court determined as a matter of law that Plaintiff's title was superior to Defendants' and quieted title in Plaintiff.

■ Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Koenig v. Perez,* 104 N.M. 664, 665, 726 P.2d 341, 342 (1986). A party attempting to quiet title must rely on the strength of his own title. *Blea v. Sandoval,* 107 N.M. 554, 557, 761 P.2d 432, 435 (Ct. App.), *cert. denied,* 107 N.M. 413, 759 P.2d 200 (1988). Because Plaintiff traced its title from the United States, Plaintiff had superior title to Defendants as a matter of law. *See Caranta v. Pioneer Home Improvements, Inc.,* 81 N.M. 393, 395, 467 P.2d 719, 721 (1970). Defendants, on the other hand, relied on a quitclaim deed outside the chain of title. A quitclaim deed out of the chain of title cannot be used to quiet title under a counterclaim. *Birtrong v. Coronado Bldg. Corp.,* 90 N.M. 670, 672, 568 P.2d 196, 198 (1977). Once Plaintiff had demonstrated superior title to Defendants, ejectment was appropriate. NMSA 1978, § 42-4-1; *Pacheco v. Martinez,* 97 N.M. 37, 41-42, 636 P.2d 308, 312-13 (Ct.App.1981).

On appeal, Defendants assert that summary judgment was improper based on a promissory estoppel theory. Defendants allege that originally Defendant Carlos Ogden had been promised eight lots by Plaintiff, the five he actually received and, in addition, Lots 18 to 20, the lots in dispute. Before the conveyance from Columbus Stockyards to Frazier, however, it was discovered that Lots 18 to 20 were not to be included as part of the conveyance. Defendant Carlos Ogden alleges that Plaintiff assured him that Lots 18 to 20 were owned by the State of New Mexico and were "highway right-of-way," and thus his business would always have the direct highway access and public view that he desired. However, we conclude that these contentions are irrelevant to a determination of title to Lots 18 to 20.

■ When this appeal was assigned to a non-summary calendar, this Court requested the parties to brief the question of whether the after-acquired title doctrine applied to the facts of this case. The common-law elements of the doctrine were detailed in *Hays v. King,* 109 N.M. 202, 784 P.2d 21 (1989). Essentially, when a grantor attempts to convey title to land that he does not own and the grantor subsequently obtains title to that land, the title automatically inures to the benefit of the prior grantee and the grantor is estopped from asserting title against the grantee. *Id.* at 204, 784 P.2d at 23. The parties agree that Plaintiff did not own the lots at issue at the time of the original transaction and never attempted to convey them to Defendant Carlos Ogden. In fact, as previously noted, it was known to the parties at the time of the conveyance of the Columbus Stockyard property to Frazier that Lots 18 to 20 were not included in the transaction. Because Plaintiff did not own Lots 18 to 20 when Defendant Carlos Ogden acquired the other five lots and because Plaintiff never attempted to convey Lots 18 to 20 to Defendant Carlos Ogden, the after-acquired title doctrine is not applicable.

We fully appreciate Defendants' contentions that they were victims of certain wrongs allegedly committed by Plaintiff during the negotiations. We also understand that Defendant Carlos Ogden believed the "political bitterness" referred to in Defendants' brief created an atmosphere that may have led to what he perceived to be wrongdoing by Plaintiff. However, whatever claims Defendants may believe they may have or may have had against Plaintiff for the alleged wrongdoing, those claims do not include a quiet title cause of action involving the lots at issue in this appeal.

## CONCLUSION

We hold that Defendants' notice of appeal was adequate to perfect an appeal from the trial court's order denying Defendants' motion to dismiss. On the merits, we conclude that Plaintiff's complaint was properly brought because Plaintiff did not violate the Open Meetings Act. Finally, we conclude that Plaintiff demonstrated superior title to Defendants as a matter of law. We affirm the trial court's grant of summary judgment.

**IT IS SO ORDERED.**

MINZNER, C.J., and BLACK, J., concur.