This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                      **NO. 34,115**

**MICHAEL J. BALTES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DE BACA COUNTY**
**Albert Mitchell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Michael J. Baltes
Fort Sumner, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant, a self-represented litigant, seeks to appeal from the district court's order denying his de novo appeal and his motions. We issued a notice of proposed

summary disposition, proposing to dismiss for the failure to file a timely notice of appeal in the proper tribunal. Defendant has responded to our notice with a memorandum in opposition and numerous attachments. We have considered Defendant's response, and we remain unpersuaded that Defendant filed an appropriate notice of appeal in the appropriate tribunal with sufficient compliance with our rules to trigger the proper exercise of our appellate jurisdiction. We, therefore, dismiss Defendant's appeal.

{2}     In our notice, we informed Defendant that to properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94; *see also Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (reaffirming that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). Rule 12-201(A)(2) NMRA requires the appellant to file a notice of appeal with the district court clerk within thirty days of the district court's entry of its final judgment. Our appellate courts have held that filing the notice of appeal with the Clerk of the Court of Appeals rather than the district court clerk does not substantially comply with Rule 12-201(A)(2), and it is not a mere technical defect. *See Lowe v. Bloom*, 1990-NMSC-069, ¶¶ 4-6, 110 N.M. 555, 798 P.2d 156.

{3}    We observed that the district court's order denying his de novo appeal and his motions was filed on September 16, 2014. [RP 67] We further stated that our Court file indicates that Defendant filed a notice of appeal in this Court on October 14, 2014. [Ct. App. File - red clip] There was no indication to us that Defendant filed the notice of appeal in the district court.

{4}    In response to our notice, Defendant now maintains that he filed notice of appeal in district court on September 26, 2014, and that on October 6, 2014, he "verified" that all parties would be present so that the "papers could and would be filed accordingly." [MIO unnumbered 2] It is not clear whether Defendant also represents that he filed the notice of appeal from the district court's order on September 26th and October 6th. Defendant's informal docketing statement indicated that he filed the notice of appeal on October 6th, but there is no notice of appeal file-stamped on that date that appears in the record. [Ct. App. file - green clip] As we have stated, the notice of appeal from the district court's order to this Court was filed in this Court on October 14th, and was never filed in district court. [Ct. App. file - red clip]

{5}    The record proper contains a notice of appeal filed on September 26, 2014, [RP 68] but it was not appealing from the district court's order to this Court, as was the notice of appeal filed only in this Court. [Compare RP 63 with Ct. App. file - red clip] The notice of appeal filed on September 26, 2014, in district court by its terms appeals an unnamed decision of the magistrate court to the district court. [RP 68] As we

3

indicated in our summary calendar notice, we may accept a timely filed, but non-conforming document, that was filed in the appropriate tribunal as a timely filed notice of appeal, where the document meets the content requirements for a notice of appeal. *See Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶¶ 7, 16, 18-20, 274 P.3d 766 (explaining the time requirements for a notice of appeal and a docketing statement, the purposes they serve, and when we may accept non-conforming documents that were *timely filed in the correct tribunal* as serving the purposes that would accommodate hearing an appeal on its merits). As in *Wakeland*, this situation normally arises where we accept a docketing statement filed in the district court within the time for filing a notice of appeal, as a timely filed notice of appeal, because a docketing statement would meet the basic intent requirements for a notice of appeal. *See id.* ¶ 7 ("New Mexico courts have not been stringent about the form and content requirements of documents filed in an effort to seek appellate review, so long as the information provided in the non-conforming document is adequate to convey the basic intent of the party filing the document.").

{6}　　Those basic intent requirements for a notice of appeal include the identification of the court to which the appeal is taken and the order from which the appellant seeks to appeal. *See Marquez v. Gomez*, 1990-NMSC-101, ¶ 5, 111 N.M. 14, 801 P.2d 84; *see also* Rule 12-202(B)(3) and (C) NMRA. Neither of these basic intent requirements was met by the notice of appeal filed in district court on September 26, 2014. Indeed,

4

this Court did not recognize the notice of appeal as showing an intent to appeal from district court to this Court. As we stated, the notice of appeal states that Defendant sought an appeal in district court from an unnamed decision of the magistrate court. [RP 68] We note that a contrary intent cannot be clearly inferred from the record, given that Defendant did not attach a copy of the district court decision from which he seeks to appeal. And moreover, the record contains at least three other notices of appeal from an unnamed decision of the magistrate court to the district court [RP 1, 5, 49, 60] that are identical to the notice of appeal of September 26, 2014, [RP 68] except for the date, and were intended to effectuate an appeal from the magistrate court to the district court. [RP 1, 5, 49, 60] Thus, we are not persuaded that the mere timing of Defendant's fourth notice of appeal from an unnamed magistrate court decision provides any notice of an intent to appeal from the district court to the Court of Appeals, as required by our rules and case law permitting leniency for non-conforming documents.

{7}      We note that Defendant expressed an understanding in his response to our notice that this Court provides allotments, extensions, and leeway to self-represented litigants. [MIO unnumbered 2] This Court will try to interpret the arguments made by self-represented litigants to the best of our ability, explain more appropriate courses of action, and we are lenient with all litigants' non-conforming documents to accommodate appeals where time and place requirements are met and where basic

intent requirements are shown. As we stated in our notice, however, self-represented litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

{8}     For the reasons stated above and in our notice, we dismiss Defendant's appeal for the failure to file a timely notice of appeal in district court that shows his basic intent to appeal from a decision of the district court to this Court.

{9}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**