# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2022-NMCA-043**

**Filing Date: April 21, 2022**

**No. A-1-CA-38255**

**DANIEL LIBIT,**

      Plaintiff-Appellee,

v.

**UNIVERSITY OF NEW MEXICO LOBO
CLUB; JALEN DOMINGUEZ, in his capacity
as Custodian of Records for the University of
New Mexico Lobo Club; UNIVERSITY OF
NEW MEXICO FOUNDATION, INC.; BOARD
OF REGENTS OF THE UNIVERSITY OF NEW
MEXICO; CHRISTINE LANDAVAZO, in her
capacity as the Interim Custodian of Records for
the University of New Mexico,**

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Nancy J. Franchini, District Judge**

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellee

Law Office of Marshall J. Ray LLC
Marshall J. Ray
Albuquerque, NM

for Appellants University of New Mexico Lobo Club and Jalen Dominguez

Patrick D. Allen, General Counsel
Albuquerque, NM

Montgomery & Andrews, P.A.
Randy S. Bartell
Matthew A. Zidovsky
Santa Fe, NM

YLAW, P.C.
Michael S. Jahner
Albuquerque, NM

for Appellant University of New Mexico Foundation, Inc.

Long, Komer & Associates, P.A.
Nancy R. Long
Jonas M. Nahoum
Santa Fe, NM

for Appellant Regents of the University of New Mexico and Christine Landavazo

Martin & Lutz, PC
William L. Lutz
David P. Lutz
Las Cruces, NM

for Amicus Curiae New Mexico State University Foundation, Inc.

Miller Stratvert P.A.
Dylan O'Reilly
Luke A. Salganek
Santa Fe, NM

for Amicus Curiae New Mexico Highlands University Foundation, Inc.

Hector H. Balderas, Attorney General
John F. Kreienkamp, Assistant Attorney General
Santa Fe, NM

for Amicus Curiae New Mexico Attorney General

Peifer, Hanson, Mullins & Baker, P.A.
Gregory P. Williams
Albuquerque, NM

for Amici New Mexico Foundation for Open Government and Brechner Center for Freedom of Information

## OPINION

**DUFFY, Judge.**

**{1}**　　This consolidated appeal arises from two lawsuits brought by Plaintiff Daniel Libit against Defendants the University of New Mexico Foundation, the University of New

Mexico Lobo Club,[1] and the Board of Regents of the University of New Mexico under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019). The Foundation and the Lobo Club are private, nonprofit corporations that raise funds exclusively for the University—a relationship governed by NMSA 1978, Section 6-5A-1 (2011) of the Public Finances Act. The common issue presented in these appeals is whether Section 6-5A-1(D) exempts records of the Foundation and the Lobo Club from public inspection. Section 6-5A-1(D) states: "Nothing in this section subjects an organization[2] to the provisions of the Open Meetings Act . . . or makes its records, other than the annual audit required under this section, public records within the purview of Section 14-2-1 [of IPRA]." In both cases, the district court ruled that Section 6-5A-1(D) did not serve as a statutory exemption to IPRA. We agree and affirm both rulings.[3]

## BACKGROUND

### I. *Libit I*

**{2}** In late 2016 and early 2017, Plaintiff sent a number of IPRA requests to the Foundation and the University. Plaintiff sought records and communications related to a naming agreement between the University and WisePies Pizza, a restaurant chain that obtained naming rights to a major sporting facility operated by the University. The University denied Plaintiff's requests, stating that it did not possess the requested records. The University further stated that Plaintiff should contact the Foundation directly, since the Foundation was a separate entity that may have been in possession of the records. Plaintiff did so, and in response, the Foundation provided a copy of a gift agreement and a press release, but refused to release any electronic communications or financial records related to the WisePies naming agreement. The Foundation justified its refusal by stating that it was a nonprofit entity not subject to IPRA's disclosure requirements.

**{3}** Plaintiff filed a complaint in district court, alleging that the Foundation and the University had violated IPRA by failing to provide records responsive to his request. After completing discovery, Plaintiff and Defendants filed competing motions for summary judgment. Plaintiff argued that the Foundation was not a private entity exempt from IPRA's disclosure requirements because the Foundation functioned as an extension of the University under the nine-factor test announced in *State ex rel. Toomey v. City of Truth or Consequences*, 2012-NMCA-104, ¶ 13, 287 P.3d 364. Defendants argued *Toomey* was inapplicable because Section 6-5A-1(D) served as a statutory exemption to IPRA, thus making the records exempt from disclosure under any

---

1*See Libit v. Univ. of N.M.* Found. (*Libit I*), No. D-202-CV-2017-01620 (2d Jud. Dist. Ct. June 26, 2018); *Libit v. Univ. of N.M. Lobo Club* (*Libit II*), No. D-202-CV-2019-00290 (2d Jud. Dist. Ct. Dec. 9, 2019). The Lobo Club was not a party to *Libit I*.

2The term "organization" is defined in Section 6-5A-1(A)(2) and is used throughout the opinion strictly with this meaning in mind. There is no dispute that the Foundation and Lobo Club are organizations within the meaning of the statute.

3We express our appreciation to amici for filing briefs in this matter. Their contributions have been of help to this Court.

circumstance. The district court granted Plaintiff's motion, ruling that the Foundation was subject to IPRA under *Toomey* and that Section 6-5A-1(D) did not serve as a statutory exemption for the Foundation. The court ordered the Foundation to produce the records. The court simultaneously denied Plaintiff's motion against the University, ruling that disputed factual issues precluded summary judgment.

{4}     The Foundation produced the records in accordance with the order, and Plaintiff and the University settled their remaining claims.[4] The Foundation appeals the district court's ruling that Section 6-5A-1(D) does not serve as a statutory exemption to IPRA.[5]

## II.    *Libit II*

{5}     In 2018, Plaintiff filed another series of IPRA requests seeking records, including donor lists, from the Lobo Club, the Foundation, and the University. The Lobo Club denied Plaintiff's requests, stating that the records were exempt from disclosure under Section 6-5A-1(D), and further, that the records were not public records under IPRA. The Foundation denied Plaintiff's requests for the same reasons, and the University stated that it did not possess the requested records.

{6}     Plaintiff filed suit against all three Defendants for IPRA violations. Defendants filed separate motions to dismiss but advanced a common argument: Section 6-5A-1(D) exempted the records sought by Plaintiff from disclosure under IPRA. After a hearing, the district court ruled that Section 6-5A-1(D) did not function as an exemption to IPRA and denied the motions. In its order, however, the court certified the case for interlocutory appeal on the issue of whether Section 6-5A-1(D) serves as an IPRA exemption. Defendants filed a consolidated application for interlocutory appeal, which we accepted and now consider.

## DISCUSSION[6]

{7}     "IPRA provides that, with only very limited exceptions, 'every person has a right to inspect public records of this state.'" *Cox v. N.M. Dep't of Pub. Safety*, 2010-NMCA-096, ¶ 5, 148 N.M. 934, 242 P.3d 501 (alteration omitted) (quoting Section 14-2-1(A)).

---

[4]Although the Foundation's compliance with the order and the University's settlement arguably render *Libit I* moot, we nonetheless review *Libit I* on the merits. While we generally do not decide moot questions, we "may do so as a matter of discretion when an issue is of substantial public interest or capable of repetition yet evading review." *White v. Farris*, 2021-NMCA-014, ¶ 34, 485 P.3d 791 (internal quotation marks and citation omitted). Given that *Libit II* arose within two years of *Libit I*, we conclude that both exceptions are applicable in this case.

[5]The Foundation has not challenged any other aspect of the district court's ruling in *Libit I* on appeal, including the court's *Toomey* ruling.

[6]Defendants raise a conclusory argument that the district court lacked subject matter jurisdiction in *Libit I* because Plaintiff did not name a Foundation records custodian in the lawsuit. However, none of the authorities cited by the Foundation support the contention that a district court lacks subject matter jurisdiction over an IPRA lawsuit if a records custodian is not named. Further, we find it inconsistent that the Foundation argues that it is a private entity exempt from IPRA while also asserting that Plaintiff must have sued the Foundation's records custodian—a position that IPRA only requires public bodies to designate. *See* § 14-2-7.

This right applies equally to public records held or created by a private entity on behalf of a governmental entity, *see Toomey*, 2012-NMCA-104, ¶ 10, and "is limited only by the Legislature's enumeration of certain categories of records that are excepted from inspection." *Dunn v. Brandt*, 2019-NMCA-061, ¶ 6, 450 P.3d 398 (internal quotation marks and citation omitted). Among IPRA's enumerated exceptions is a "catch-all" category that exempts records "as otherwise provided by law." Section 14-2-1(H). This category has been construed to include bars to disclosure found outside of IPRA. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 13, 283 P.3d 853 (stating that the "'catch-all' exception includes statutory and regulatory bars to disclosure," constitutionally mandated privileges, and privileges established by the rules of evidence). Putting aside questions that are not at issue in this appeal—i.e., whether the documents sought by Plaintiff are "public records" and whether the Foundation and the Lobo Club's records are subject to IPRA's disclosure requirements under *Toomey*— the narrow question presented is whether Section 6-5A-1(D) is a statutory bar to disclosure. This is a matter of statutory interpretation that we review de novo. *Cox*, 2010-NMCA-096, ¶ 4.

**{8}** Defendants argue that by its plain language, Section 6-5A-1(D) exempts all records created or maintained the Foundation and the Lobo Club other than their annual audits. Defendants further contend that persuasive authority and public policy justify an interpretation of Section 6-5A-1(D) to exempt records of the Foundation and the Lobo Club from IPRA's disclosure requirements. We are unpersuaded by Defendants' arguments and hold as a matter of first impression that the Section 6-5A-1(D) is not a statutory exemption to IPRA's disclosure requirements under Section 14-2-1(H).

## I.      Section 6-5A-1(D) Does Not Function as a Statutory IPRA Exemption

**{9}** We turn first to the language of the statute as the primary indicator of legislative intent. *See Toomey*, 2012-NMCA-104, ¶ 9. Section 6-5A-1(D) states that "[n]othing in this section . . . makes [an organization's] records, other than the annual audit required under this section, public records within the purview of Section 14-2-1." Defendants argue that the statutory language places "*all* Foundation and Lobo Club records, other than their annual audits, beyond the purview of IPRA." In support of this view, they offer only a common dictionary definition for the term "purview" before restating their conclusion that "the intent and effect of the language used in Section 6-5A-1(D) could not be more clear: it places Foundation and Lobo Club records, other than the annual audit, beyond the limit, purpose, scope, range of authority, or concern of IPRA."[7]

---

[7]Defendants additionally rely on a 2007 letter ruling authored by the New Mexico Attorney General in support of the notion that Section 6-5A-1(D) serves as a blanket IPRA exemption. The letter appears to advance the same reasoning as Defendants do in this case, and that we now reject. Further, we note that the Attorney General filed an amicus curiae brief in this appeal stating that the 2007 letter does not accurately reflect the current position of the Office of the Attorney General. The Attorney General points out that the 2007 letter was issued before this Court's decision in *Toomey*, which clarified that public records for purposes of IPRA include those held by private entities "on behalf of" public bodies. 2012-NMCA-104, ¶ 10. Accordingly, we do not find the 2007 letter persuasive here. *See Bd. of Cnty Comm'rs, Luna Cnty. v. Ogden*, 1994-NMCA-010, ¶ 15, 117 N.M. 181, 870 P.2d 143 (recognizing that "statements

**{10}** The problem with Defendants' construction, and the reason we cannot accept it, is that it rests on a rephrasing of the statutory language that materially changes both the wording and the meaning of the statute. Defendants read the statutory language to say, in essence, an organization's records are not within the purview of IPRA. But this is not the language chosen by the Legislature, and Defendants have not argued that it is necessary to depart from the plain language of the statute to understand its meaning or to resolve an ambiguity. *See Bd. of Cnty. Comm'rs of Cnty. of Rio Arriba v. Bd. of Cnty. Comm'rs of Cnty. of Santa Fe*, 2020-NMCA-017, ¶¶ 9, 16, 460 P.3d 36 (stating that it is the responsibility of the judiciary to apply the statute as written and declining to depart from the plain language of a statute unless it is necessary to resolve an ambiguity or uncertainty).

**{11}** We find the language of Section 6-5A-1(D) to be clear and unambiguous: Section 6-5A-1 does not cause the records of organizations like the Foundation or Lobo Club to be "public records," except for their annual audit. *Cf.* § 6-5A-1(B)(4)(a) (stating that the organization's annual audit, "exclusive of any lists of donors or donations, *shall be a public record*" (emphasis added)). Put another way, a plain reading of the statutory language is that records of an organization are not affirmatively designated as public records under IPRA. Defendants question why the Legislature would have any reason to enact a statute saying that an organization's records "*might or might not*" be subject to public records laws. We think the answer is readily apparent: the Legislature expressly designated organizations' annual audits as public records in Section 6-5A-1(B)(4)(a), but also made clear that it was not doing the same for other records. Thus, while an organization's records might be public records subject to inspection, it is not because Section 6-5A-1 makes them so.

**{12}** Defendants also contend that the statute must be construed as an IPRA exemption because it does not use express language stating that an organization's records *might* be subject to IPRA. However, we are aware of no authority, and Defendants have cited none, suggesting that an exemption exists unless the Legislature affirmatively states that records are subject to disclosure under IPRA. Such an approach would turn the notion of a statutory IPRA exemption on its head and runs counter to the approach taken by this Court in prior cases, which have looked at whether the statute bars disclosure. *E.g.*, *Bd. of Comm'rs of Doña Ana Cnty. v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 21, 134 N.M. 283, 76 P.3d 36 (holding that the statutory exemption in NMSA 1978, Section 15-7-9 (1981, amended 2020), which makes certain records created or maintained by the risk management division confidential, does not suggest the confidentiality provision relates to records held by any other insurer), *overruled on other grounds by Republican Party of N.M.*, 2012-NMSC-026, ¶ 16.

**{13}** Relatedly, we note that Section 6-5A-1 does not specifically exempt any records from disclosure. When the Legislature has intended to exempt records from public inspection in other enactments, it has done so expressly by stating either that records

___

and opinions of the New Mexico Attorney General are not binding law," but finding an Attorney General compliance guide persuasive).

are not public records or that records are not subject to disclosure under IPRA. *See, e.g.*, NMSA 1978, § 51-1-56 (1991) (providing that "[death reports] shall be confidential and *shall not be considered as public records* under [IPRA]" (emphasis added)); NMSA 1978, § 30-51-3(G) (1998) (stating that money laundering reports obtained by the department of public safety or other agency are "*not subject to disclosure* pursuant to [IPRA]" (emphasis added)).[8] The direct language in these statutes stands in stark contrast to the language used in Section 6-5A-1(D). Given the Legislature's near-uniform treatment of IPRA exemptions in a multitude of other enactments, both before and after Section 6-5A-1 was adopted and last amended, the lack of express language in Section 6-5A-1(D) is a compelling indication that the Legislature did not intend to categorically exempt the records of organizations governed by Section 6-5A-1 from IPRA. *See State v. Greenwood*, 2012-NMCA-017, ¶ 38, 271 P.3d 753 ("The Legislature knows how to include language in a statute if it so desires." (alteration, internal quotation marks, and citation omitted)).[9]

**{14}** As a final matter, Defendants contend that public policy concerns support an interpretation of Section 6-5A-1(D) that exempts the Foundation and the Lobo Club from

---

[8]*See also* NMSA 1978, § 14-6-1(A) (1977) (stating that "[a]ll health information that relates to and identifies specific individuals as patients is strictly confidential *and shall not be a matter of public record or accessible to the public*," even though the information is held by a government agency (emphasis added)); NMSA 1978, § 24-14A-8(C) (2015) (stating that "individual forms, electronic information or other forms of data collected by and furnished for the health information system *shall not be public records subject to inspection* pursuant to [IPRA]" (emphasis added)); NMSA 1978, § 61-4-10(C) (2006) (complaints against chiropractors "*are not public records* for the purposes of [IPRA]" (emphasis added)); NMSA 1978, § 6-32-7(B) (2021) (stating that small business loan information obtained by the New Mexico Finance Authority "*is confidential and not subject to inspection* pursuant to [IPRA]" (emphasis added)); NMSA 1978, § 15-7-9(A) (2020) (stating that certain records created by the Risk Management Division "*are confidential and shall not be subject to any right of inspection* by any person except the New Mexico legislative council or a state employee within the scope of the New Mexico legislative council's or state employee's official duties" (emphasis added)); NMSA 1978, § 27-2E-1(B) (2003) (stating that a person who manufactures a prescription drug that is sold in New Mexico shall file certain information with the human services department but that such information is confidential and "*shall not be subject to public inspection* pursuant to [IPRA]" (emphasis added)). The New Mexico Foundation for Open Government filed an amicus brief cataloguing a nonexhaustive list of twenty-four other instances where the Legislature used similar language to expressly exclude records from IPRA.

[9]Defendants contend the district court's interpretation of Section 6-5A-1 runs contrary to the canon of statutory construction that statutes in pari materia must be read together. Given the plain meaning of Section 6-5A-1, we question the utility of this canon to our analysis. *See United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 22, 148 N.M. 426, 237 P.3d 728 (providing that "where a plain language analysis does *not* provide a clear interpretation, we can look to other statutes in pari materia in order to determine legislative intent" (emphasis added) (internal quotation marks and citation omitted)). Regardless, we are not persuaded by Defendants' argument here. Defendants argue that the New Mexico Charitable Solicitations Act, NMSA 1978, §§ 57-22-1 to -11 (1983, as amended through 1999), contains numerous provisions that "manifest the . . . Legislature's intent to regulate charitable organizations and professional fundraisers while protecting their donor information from public disclosure." While we see support for Defendants' former point, we do not see support for the latter—i.e., that the Charitable Solicitations Act evinces a statutory IPRA exemption for donor records under Section 6-5A-1(D). Further, it is not clear how the two statutory schemes interact, if at all, other than in certain registration and reporting requirements. *See* § 57-22-4(B)(1) (exempting organizations defined in Section 6-5A-1 from the registration and reporting requirements of the Charitable Solicitations Act). Accordingly, this argument does not persuade us that Section 6-5A-1(D) was intended to be an IPRA exemption.

IPRA. Defendants point to a variety of sources in support of the idea that donor information is private and should be exempt from disclosure. However, after our Supreme Court's decision in *Republican Party of New Mexico*, courts no longer apply the "rule of reason" as a basis to determine whether records should be withheld from the requester for reasons of public policy. 2012-NMSC-026, ¶¶ 14-16. Instead, courts "restrict their analysis to whether disclosure under IPRA may be withheld because of a specific exception contained within IPRA, or statutory or regulatory exceptions." *Id.* ¶ 16.

**{15}** Analytic restrictions notwithstanding, we acknowledge, as did the district court, that this case implicates strong and competing policy interests, including "a strong public policy in favor of encouraging charitable giving and protecting private information related to charitable giving." We are not unmindful of Defendants' concerns regarding the release of private donor information in the event the district court on remand determines that such records are public records. Nevertheless, it is "the responsibility of the judiciary to apply the statute as written and not to second-guess the [L]egislature's selection from among competing policies or adoption of one of perhaps several ways of effectuating a particular legislative objective." *State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 22, 117 N.M. 346, 871 P.2d 1352; *see also M.D.R. v. State ex rel. Hum. Servs. Dep't*, 1992-NMCA-082, ¶ 13, 114 N.M. 187, 836 P.2d 106 ("[I]t is not the function of the court of appeals to legislate. Correction of whatever inequity exists in [a] situation is best left to the legislature." (citation omitted)).

**{16}** For all of these reasons, we hold that Section 6-5A-1(D) is not a statutory bar to the disclosure of public records held by Defendants.

## II. The District Court Did Not Err in *Libit I* or *Libit II*

**{17}** In light of our holding, we affirm the district courts' rulings in both *Libit I* and *Libit II*. Because Defendants have not challenged any other aspect of the district court's ruling in *Libit I*, we simply affirm.

**{18}** In *Libit II*, we affirm the district court's denial of Defendants' motion to dismiss and remand for further proceedings. Nothing in this opinion should be construed as a determination of whether Defendants are subject to IPRA under the analysis required by *Toomey*, whether the records sought by Plaintiff—including the names of specific donors—are public records within IPRA's definition, *see* § 14-2-6(G), or whether Defendants' first amendment affirmative defenses have merit.

## CONCLUSION

**{19}** We affirm the district court's ruling in *Libit I*. We also affirm the district court's ruling in *Libit II*, and remand for further proceedings consistent with this opinion.

**{20}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**